# United States District Court
# Central District of California

| | |
|---|---|
| PLAINTIFFS IN PRO PER ERROL AND TABATHA LOCKE,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A. AND AMERICA'S SERVICING COMPANY,<br><br>Defendants. | Case No. 2:19-cv-08854-ODW (JPRx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [7]** |

## I.     INTRODUCTION

Plaintiffs Errol and Tabatha Locke, proceeding pro se, bring this action against various Defendants for multiple claims based on an alleged wrongful foreclosure sale of real property located at 2116 West 77th Street, Los Angeles, California 90047 (the "Subject Property"). (*See* Notice of Removal ("Removal") Ex A ("Compl.") ¶ 1, ECF No. 1.)  Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves to dismiss Plaintiffs' Complaint. (Mot. to Dismiss ("Mot."), ECF No. 7.)

For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.

## II. BACKGROUND

In 2005, Plaintiffs took out a loan in the amount of $340,000 backed by a deed of trust in the Subject Property. (Req. for Judicial Notice Exhibit 2.) In 2008, Plaintiffs fell behind three months of payments. (Compl. ¶ 2.) To make up the missed payments, Plaintiffs entered into multiple "Special Forbearance Programs." (Compl. ¶ 2.)

Plaintiffs allege that representatives of Wells Fargo made promises that once they completed the program their mortgage would be modified through the "Making Home Affordable Act." (Compl. ¶¶ 2, 4, 5, 14.) However, their loan was not modified despite their alleged success in completing the programs. (Compl. ¶ 2.) Defendants represented that the modification was denied because of Plaintiffs' income and a broken forbearance agreement. (Compl. ¶¶ 11, 15.) As a result of these circumstances, Plaintiffs faced foreclosure and were escorted from their home on June 16, 2010. (Compl. ¶ 3.)

In 2018, Plaintiffs requested Wells Fargo to reconsider their decision to foreclose on Plaintiffs' home, but on November 15, 2018, Wells Fargo reaffirmed their decision. (Compl. ¶ 9.) Plaintiffs believe that Defendants refuse to admit that they wrongfully foreclosed on the Subject Property in retaliation for Plaintiffs' complaint to the Comptroller of the Currency. (Compl. ¶ 10.)

On August 16, 2019, Plaintiffs brought suit in the Superior Court of California and on October 15, 2019, Wells Fargo removed this matter. (*See* Removal.)

## III. REQUEST FOR JUDICIAL NOTICE

Wells Fargo requests judicial notice of ten documents: Exhibit 1: Interest First Note; Exhibit 2: Deed of Trust; Exhibit 3: Assignment of Deed of Trust; Exhibit 4: Notice of Default; Exhibit 5: Trustee's Deed Upon Sale; Exhibit 6: Voluntary Chapter Seven Bankruptcy Petition; Exhibit 7: Amended Schedule(s) and/or Statement(s); Exhibit 8: Motion for Relief from Automatic Stay; Exhibit 9: Discharge of Debtor;

Exhibit 10: Bankruptcy Docket for Voluntary Chapter Seven Bankruptcy Court. (Req. for Judicial Notice 2–3, ECF No. 8.) Plaintiffs do not oppose Wells Fargo's request.

A court is generally limited to the pleadings in ruling on a Rule 12(b)(6) motion but may consider documents incorporated by reference in the complaint or properly subject to judicial notice without converting a motion to dismiss into one for summary judgment. *See Lee*, 250 F.3d at 688–89. "[A] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A document may be incorporated by reference where neither party disputes its authenticity and the pleading necessarily relies on the document. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

The Deed of Trust, Assignment of Deed of Trust, Notice of Default and Trustee's Deed Upon Sale Deed of Trust are proper subjects of judicial notice because they are undisputed public documents recorded by the Los Angeles County Recorder's Office. *See, e.g.*, *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) (collecting cases granting judicial notice of documents recorded by the County Recorder's Office). Accordingly, the Court **GRANTS** judicial notice of the Deed of Trust, Assignment of Deed of Trust, Notice of Default and Trustee's Deed Upon Sale Deed of Trust.

The Court Docket from the related Bankruptcy Petition and the Order are also proper subjects of judicial notice. *See U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating the court "may take notice of proceedings [and related filings] in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). Accordingly, the Court **GRANTS** judicial notice of Exhibits 6–10.

The Interest First Note is not a proper subject of judicial notice and the Court therefore **DENIES** the request.

#### IV. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Pro se pleadings are to be construed liberally, but a plaintiff must still present factual allegations sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). A court may not "supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). A liberal reading cannot cure the absence of such facts. *Ivey v. Bd. of Regents of Univ. Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d

1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## V. DISCUSSION

Plaintiffs present their Complaint in a narrative fashion and fail to identify any causes of action. (*See* Compl.) From the Complaint, Wells Fargo identifies three theories: "First, [Plaintiffs] seem to be alleging that Wells Fargo promised to modify their loan, but did not honor the promise. Second, they seem to contend that Wells Fargo violated 12 C.F.R. § 1024.41(d) by denying a loan modification based on Net Present Value (NPV), but "failing to provide the plaintiffs with inputs used to calculate eligibility for assistance. Third, they seem to be asserting a claim for fraudulent business practices based on the bank's failure to modify their loan." (Mot. 3.) Accordingly, Defendants identify three causes of action: (1) Breach of Contract; (2) Violation of 12 C.F.R. § 1024.41(d)[1]; and (3) Violation of California's Unfair Competition Law. Wells Fargo moves to dismiss these claims on the basis that they are: (1) barred by the relevant statute of limitations; (2) barred by judicial estoppel; and (3) devoid of detail and fail to state a claim. (*See* Mot. 3–14.) The Court addresses each argument in turn.

### A. Statute of Limitation

A claim for breach of a written contract are subject to a four-year statute of limitation. Cal. Civ. Proc. Code §§337, 339. Under the Unfair Competition Law ("UCL"), claims of an unfair business practice are subject to a four-year limitations

---

[1] Plaintiffs assert that Wells Fargo violated 12 C.F.R. § 1024.41(d); however, the regulation became effective on January 10, 2014. *See* 12 C.F.R. § 1024.41. Accordingly, Plaintiffs could not have violated the regulation and this cause of action is **DISMISSED with prejudice**.

period, and claims for fraud or violation of a statute are subject to a three-year limitation. Cal. Bus. & Prof. Code § 17208; Cal. Civ. Proc. Code §338. Here, Plaintiffs breach of contract claim and fraudulent business practice claim arise from Wells Fargo's conduct in 2008. As Plaintiffs filed their Complaint ten years after the facts giving rise to the claims, well-beyond the statute of limitations, the claims are barred but for a reason to toll the statute.

### 1. *Equitable Tolling*

Plaintiffs argue that the statute of limitations should be tolled because they did not discover Wells Fargo's wrongful foreclosure until Wells Fargo acknowledged that it had wrongfully foreclosed on other homes. (Opp'n 10.)

Delayed discovery can toll the statute of limitations when "[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule, [ ] specifically plead[s] facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005). A California appellate court applied the doctrine to toll the statute of limitations when a real estate broker breached his contract by intentionally concealing defects in the house. *William L. Lyon & Assocs., Inc. v. Superior Court*, 204 Cal. App. 4th 1294, 1309–10 (2012). There, the court specifically found the breach of the contract to be nonobvious. *Id.* Here, Plaintiffs fail to allege when they discovered the alleged breach and why they could not have discovered the defect earlier. Thus, the Court cannot toll the statute of limitations.

Furthermore, Plaintiffs assert that their claims are related to Wells Fargo's investigation on August 22, 2018, but fail to specify what breach or misrepresentation by Wells Fargo during the 2018 investigation gives rise to their current claims. By requesting a re-evaluation on the mortgage denial in 2010, Plaintiffs do not reset the clock on their claims from the initial transaction.

Accordingly, Plaintiffs claims are time-barred. The Court **GRANTS** the motion **with leave to amend** to the extent that Plaintiffs can raise claims within the statutes of limitation or plead facts to show why earlier discovery was unreasonable.

**B.     Judicial Estoppel**

Wells Fargo also moves to dismiss the Complaint on the grounds that Plaintiffs may not raise claims not disclosed during its Bankruptcy proceedings. (Mot. 5.) The Ninth Circuit has held that "[i]n the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosures statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir.2001). Judicial estoppel is imposed when the debtor "has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Id*. at 784 (finding that Hamilton knew of all the material facts surrounding the damage to the house and State Farm's investigation and denial of his claim at the time he filed his bankruptcy schedules and for many months before pursuing legal action.)

As the Court grants the motion on an alternative basis, the Court declines to address whether judicial estoppel applies. However, Plaintiffs are advised to consider the discussion above when filing its amended complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion. Plaintiffs shall have up to and including **January 30, 2019,** to file their amended complaint.

Plaintiffs are advised that the Federal Pro Se Clinic offers free information and guidance to individuals who are representing themselves in federal civil actions. The Los Angeles Clinic operates by appointment only. Appointments are available either by calling the Clinic or by using an internet portal. The Clinic can be reached at (213) 385-2977, ext. 270 or through an internet request at the following site: http://prose.cacd.uscourts.gov/los-angeles. Clinic staff can respond to many questions with a telephonic appointment or through an email account. It may be more convenient to email questions or schedule a telephonic appointment. Staff can also schedule an in-person appointment at their location in the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012. Plaintiffs are encouraged to visit the Clinic or otherwise consult with an attorney prior proceeding in this matter.

**IT IS SO ORDERED.**

December 23, 2019

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE