O

# United States District Court
# Central District of California

| | |
|---|---|
| PLAINTIFFS IN PRO PER ERROL AND TABATHA LOCKE,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO BANK, N.A. AND AMERICA'S SERVICING COMPANY,<br><br>　　　　　　Defendants. | Case No. 2:19-cv-08854-ODW (JPRx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [26]** |

## I.  INTRODUCTION

Plaintiffs Errol and Tabatha Locke (the "Lockes"), proceeding pro se, bring this action against various defendants for multiple claims based on an alleged wrongful foreclosure sale of their home (the "Subject Property"). (*See* First Am. Compl. ("FAC") at 3., ECF No. 21). Defendant Wells Fargo, N.A. ("Wells Fargo") moves to dismiss the Lockes' First Amended Complaint ("FAC"). (*See* Mot. to Dismiss ("Mot."), ECF No. 26.)

For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.

## I. BACKGROUND

In 2005, the Lockes took out a loan in the amount of $340,000 backed by a deed of trust in the Subject Property. (Req. for Judicial Notice ("RJN") Ex. 3 ("Assignment of Deed and Trust"), ECF No. 27.) In 2008, the Lockes fell three months behind in payments. (FAC at 3.) To make up the missed payments, the Lockes entered into multiple "Special Forbearance Programs." (FAC at 10.)

The Lockes allege that Wells Fargo's representatives promised that once they completed the program their mortgage would be modified through the "Making Home Affordable Act." (FAC at 11.) However, their loan was not modified despite their alleged success in completing the program. (FAC at 12.) Wells Fargo represented that the modification was denied because of the Lockes' income and a broken forbearance agreement. (FAC at 12.) As a result of these circumstances, the Lockes faced foreclosure. (FAC at 12.)

In March 2010, the Lockes filed a Chapter 7 bankruptcy petition. (Mot. 9.) The Lockes did not disclose their potential claim against Wells Fargo in their initial bankruptcy schedule or their amended schedules. (FAC Ex. R. ("Schedule B-Personal Property") 7.) Shortly after, the Lockes enlisted the legal services of a non-profit organization in order to rescind their foreclosure. (FAC at 12.) Despite the Lockes' best efforts, Wells Fargo did not rescind the foreclosure. (FAC at 13.)

In 2018, the Lockes once again asked Wells Fargo to reconsider its decision to foreclose on their home. (FAC at 13.) However, on November 15, 2018, Wells Fargo reaffirmed its decision. (FAC at 13.) The Lockes believe that Wells Fargo refused to admit it wrongfully foreclosed on the Subject Property in retaliation for the Lockes' complaint to the Comptroller of Currency, which they had filed prior to the foreclosure. (FAC at 21.)

On August 27, 2019, the Lockes brought suit in the Superior Court of California and on October 15, 2019, Wells Fargo removed the action to this Court. (*See* Notice of Removal by Def. Wells Fargo Bank, N.A. ("Removal"), ECF No. 1.)

## II. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Pro se pleadings are to be construed liberally, but a plaintiff must still present factual allegations sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). A court may not "supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). A liberal reading cannot cure the absence of such facts. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d

1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

### III.   REQUEST FOR JUDICIAL NOTICE

Wells Fargo requests judicial notice of ten documents: Exhibit 1: Interest First Note; Exhibit 2: Deed of Trust; Exhibit 3: Assignment of Deed of Trust; Exhibit 4: Notice of Default; Exhibit 5: Trustee's Deed Upon Sale; Exhibit 6: Voluntary Chapter Seven Bankruptcy Petition; Exhibit 7: Amended Schedule(s) and/or Statement(s); Exhibit 8: Motion for Relief from Automatic Stay; Exhibit 9: Discharge of Debtor; Exhibit 10: Bankruptcy Docket for Voluntary Chapter Seven Bankruptcy Court. (Req. for Judicial Notice 2–3, ECF No. 27.) Plaintiffs do not oppose Wells Fargo's request.

A court is generally limited to the pleadings in ruling on a Rule 12(b)(6) motion but may consider documents incorporated by reference in the complaint or properly subject to judicial notice without converting a motion to dismiss into one for summary judgment. *See Lee*, 250 F.3d at 688–89. "[A] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A document may be incorporated by reference where neither party disputes its authenticity and the pleading necessarily relies on the document. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

The Deed of Trust, Assignment of Deed of Trust, Notice of Default and Trustee's Deed Upon Sale Deed of Trust are proper subjects of judicial notice because they are undisputed public documents recorded by the Los Angeles County Recorder's Office. *See, e.g.*, *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257,

1264 (C.D. Cal. 2010) (collecting cases granting judicial notice of documents recorded by the County Recorder's Office). Accordingly, the Court **GRANTS** judicial notice of the Deed of Trust, Assignment of Deed of Trust, Notice of Default and Trustee's Deed Upon Sale Deed of Trust.

The Court Docket from the related Bankruptcy Petition and the Order are also proper subjects of judicial notice. *See U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating the court "may take notice of proceedings [and related filings] in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). Accordingly, the Court **GRANTS** judicial notice of Exhibits 6–10.

The Interest First Note is not a proper subject of judicial notice and the Court therefore **DENIES** this request.

## IV.　　DISCUSSION

Wells Fargo moves to dismiss Plaintiffs' claims on the basis that they are barred by the statute of limitations and judicial estoppel, and the Lockes lack standing to assert their claims and have failed to state a claim. Here, the Court only addresses judicial estoppel as it is dispositive of the Motion.

Wells Fargo argues that the Lockes are judicially estopped from asserting their claims because they failed to disclose them during bankruptcy proceedings. (Mot. 8.) Judicial estoppel "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996). In *New Hampshire v. Maine*, the Supreme Court identified three factors that "typically inform the decision whether to apply the doctrine in a particular case." 532 U.S. 742, 743 (2001).

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding

> would create the perception that either the first or the second court was misled. Third, courts ask whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* The Court addresses each factor in turn.

### A. Inconsistent Positions

The Ninth Circuit has held that "in the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 1992). Judicial estoppel bars a plaintiff's claim when the plaintiff-debtor has "knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Id.* at 784. The duty to disclose potential claims continues for the duration of the bankruptcy proceeding. *Id.* at 785.

Here, the Lockes failed to disclose their claim against Wells Fargo in their bankruptcy schedule and failed to later amend the schedule to include their claim. (FAC Ex. R. 7.) The Lockes filed a Chapter 7 bankruptcy petition in March 2010. (Mot. 9.) In their bankruptcy schedule, the Lockes were asked to list "other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." (FAC Ex. R. 7.) The Lockes checked off the box indicating "None." (FAC Ex. R. 7.)

The Lockes' response to Wells Fargo's argument is far from clear. The Lockes argue that "[w]hereas, here the fact at issue is the existence of a statement in a declaration within a bankruptcy proceeding, and not the truth of the statement itself, the accuracy of the fact at issue cannot be reasonably question [sic]." (Opp'n to Mot. 2, ECF No. 30.). In a sense, the Lockes are correct. The Court is not tasked with assessing the veracity of the potential legal claim but simply whether the Lockes disclosed the claim. However, the Lockes did not. To the extent, the Lockes argue

they should not be judicially estopped because they listed the Subject Property in their Schedule A and Schedule C documents, the Court finds that these disclosures do not save their claims.  Judicial estoppel seeks to bar claims that parties knew of but failed to disclose.  *Hamilton*, 270 F.3d at 783.  Thus, the Lockes were required to disclose their foreclosure-related claims not the Subject Property on which their claims are premised.  (Opp'n 2; Mot. 5.)  As the Lockes filed a complaint with the Comptroller of Currency regarding the foreclosure of their home in 2009, the Court finds that the Lockes had knowledge of enough facts to know that a potential claim existed during their bankruptcy proceedings.  (FAC at 2.)

Furthermore, on April 5, 2010, the Lockes amended their bankruptcy schedule in order to retain their income checks.  (FAC at 18.)  When amending their bankruptcy schedule, the Lockes were once again asked to list "other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims."  (FAC Ex. S.)  Again, the Lockes checked off the box indicating "None."  (FAC Ex. S.)  Shortly after, on May 5, 2010, the Lockes enlisted the legal services of Bet Tzedek Legal Services in order to rescind their foreclosure, indicating they had knowledge of a potential cause of action against Wells Fargo at the time. (FAC at 12.)

Thus, at the time that the Lockes initiated bankruptcy proceedings and amended their bankruptcy schedule, they knew of a potential cause of action against Wells Fargo.  Nonetheless, they failed to disclose the claim on their bankruptcy schedules or amend the schedule to reflect the potential claim.  Thus, the Lockes position is clearly inconsistent with their earlier position.

**B. Judicial Acceptance of Plaintiffs' Earlier Position**

In the bankruptcy context, the judicial acceptance prong is satisfied if the bankruptcy court relies on the debtor's nondisclosure of potential claims in some way. *Hamilton,* 270 F.3d at 784.  For instance, the Ninth Circuit has held that "a debtor who failed to disclose a pending claim as an asset in a bankruptcy proceeding where

debt were *permanently* discharged was estopped from pursuing such claim in a subsequent proceeding." *Id.* In the Bankruptcy context, "the bankruptcy court may 'accept' the debtor's assertions by relying on the debtor's nondisclosure of potential claims." *Id.* (finding that the bankruptcy court relied on the plaintiff-debtor's failure to disclose his claims against his creditor when granting him an automatic stay and discharging his debt).

Here, the bankruptcy court relied on the Lockes' initial and amended bankruptcy schedules when discharging their debt. (RJN Ex. 9.) By discharging the Lockes' debt, the bankruptcy court accepted their initial position that a pending or potential claim against Wells Fargo did not exist.

### C. Plaintiffs Derived an Unfair Advantage

Plaintiff-debtors obtain an unfair advantage when a bankruptcy court grants a "discharge or plan confirmation without allowing the creditors to learn of the pending lawsuit." *Ah Quin v. Cty. of Kauai Dep't. of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013). In *Hamilton*, the court held that "[the plaintiff's] failure to list his claims against State Farm as assets on his bankruptcy schedules deceived the bankruptcy court and [plaintiff's] creditors, who relied on the schedules to determine what action, if any, they would take in the matter." 270 F.3d at 785. By failing to disclose his claim, the plaintiff "[enjoyed] the benefit of both an automatic stay and a discharge of debt in his Chapter 7 bankruptcy proceeding." *Id*.

Similarly, the Lockes benefitted from not disclosing their potential claim against Wells Fargo, because the bankruptcy court discharged the Lockes' debt. By asserting a cause of action based on a position inconsistent with the one taken in the bankruptcy proceeding, the Lockes are attempting to derive an unfair advantage.

### D. Inadvertence or Mistake

In some cases, "it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." *New Hampshire*, 532 U.S. at 753. The Ninth Circuit has held that "judicial estoppel

requires an inquiry into whether the plaintiff's bankruptcy filing was, in fact, inadvertent or mistaken, as those terms are commonly understood." *Ah Quin*, 733 F.3d at 276. In *Ah Quin*, the plaintiff-debtor "filed an affidavit in which she swore that, when she reviewed the bankruptcy schedules, she did not think that she had to disclose her pending lawsuit." *Id*. at 277. In light of the affidavit, the court found that "her bankruptcy filing was inadvertent." *Id*. at 278. But, in a subsequent, factually similar case, the court found that *Ah Quin* is distinguishable, explaining that:

> As in *Ah Quin,* Plaintiff here filed false (materially incomplete) bankruptcy schedules and did not amend those schedules until Defendant filed a motion to dismiss this action, suggesting that her omission had not been inadvertent. But unlike in *Ah Quin,* Plaintiff presented no evidence, by affidavit or otherwise, explaining her initial failure to include the action on her bankruptcy schedules.

*Dzakula v. McHugh*, 746 F.3d 399, 401 (9th Cir. 2014). The court in *Dzakula* ultimately held that, "in light of the timing of Plaintiff's amendment and her choice not to file a declaration explaining her initial error, no reasonable fact-finder can conclude that the admission was inadvertent or mistaken." *Id*. at 401-02.

Unlike in the plaintiffs in *Ah Quin* and *Dzakula*, the Lockes here did not at any time amend their bankruptcy schedules to include their claim against Wells Fargo. Furthermore, like the plaintiffs in *Dzakula*, the Lockes did not file an affidavit explaining their initial failure to include the action on their bankruptcy schedules. Thus, the evidence does not suggest that the Lockes' nondisclosure was inadvertent or mistaken.

Upon consideration of the three factors, the Court finds that the application of judicial estoppel is appropriate in this case. The Lockes had a duty to disclose their claim against Wells Fargo during their bankruptcy proceedings but failed to do so despite having knowledge of the claim at the time. The bankruptcy court accepted the Lockes' initial position by discharging their debt, and thus, the Lockes are attempting to derive an unfair advantage by asserting this claim against Wells Fargo. Additionally, this Court does not find that the Lockes' failure to include their claim in

the bankruptcy proceedings was a result of inadvertence or mistake. Accordingly, judicial estoppel bars this action.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Wells Fargo's Motion. The Court **DISMISSES** the case in its entirety with prejudice. The Court will enter Judgment.

**IT IS SO ORDERED.**

June 30, 2020

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**